**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH**

FILED
U.S. DISTRICT COURT

2018 SEP 10  P 12: 59

DISTRICT OF UTAH

BY:_____
DEPUTY CLERK

RECEIVED CLERK

SEP 0 7 2018

U.S. DISTRICT COURT

CLINTON STRANGE,

Plaintiff

v.

Case: **4:18-cv-00058**
Assigned To : **Nuffer, David**
Assign. Date : **9/7/2018**
Description: **Strange v. TCN Incorporated**

T C N, INCORPORATED,

a Utah Domestic Profit Corporation

**CIVIL ACTION:**

FOR WILLFUL AND INTENTIONAL VIOLATIONS OF:

THE TELEPHONE CONSUMER PROTECTION ACT OF 1991;

&

LOUISIANA Civil Code Article 2315 ~ Tort of Conversion of Chattel

1

**~PLAINTIFF WAIVES HIS 7ᵗʰ AMENDMENT RIGHT TO JURY TRIAL~**

**PRELIMINARY STATEMENT:**

This is an action brought in good faith by an adult individual who is a natural person against Defendant T C N, INCORPORATED, who on information and belief, has violated Plaintiff's rights under the 4ᵗʰ Amendment to the U.S. Constitution and further has also to Plaintiff's information and beliefs violated Federal Laws under the following State and U.S. Statutes:

47 U.S. Code § 227(b)(1)(a)(iii);

&

As well as the Laws of The State of Louisiana:

Louisiana Civil Code Article 2315- Regarding Intentional Conversion Torts

The Defendant, as alleged by Plaintiff, has TWICE phoned his wireless cellphone number 318-780-8946 which is registered on the Federal Do-Not-Cal Registry, in violations of the parts foregoing and for those reasons Plaintiff brings this action against the Defendant and respectfully requests relief from this court.

## JURISDICTION & VENUE

Jurisdiction lies properly in this U.S. District Court because the laws Plaintiff alleges were violated involve Federal question jurisdiction:

47 U.S. Code § 227(g)(2)

&

28 U.S. Code § 1331

Venue lies properly in this jurisdiction because on information and belief the Defendant can be found in this U.S. District.

Venue lies properly in this District under:

47 U.S. Code § 227(g)(4)

&

28 U.S. Code § 1391

## PARTIES:

**Plaintiff** Clinton Strange is an adult individual residing at the address of:

Clinton Strange

7021 Winburn Drive

Greenwood, LA 71033

**Defendant** T C N, INCORPORATED is a Utah Domestic For Profit Corporation whose principal place of business, according to The Utah Secretary of State, is located at:

560 Valley View Drive #3

Saint George, UT 84770

&

Whose Registered Agent is:

Clifford V Dunn

110 West Tabernacle

Saint George, UT 84770

Factual Allegations:

1. Plaintiff has no Established Business Relationship "EBR" with the Defendant.

2. Plaintiff never consented to be contacted by the Defendant by any means.

3. Plaintiff has no outstanding debts that are in 'collections' at this time. Plaintiff's

cellphone number 318-780-8946 is also registered (since 01/24/2018) on the

Federal Do-Not-Call listing *See Exhibit A.*

4. The Plaintiff alleges that Defendant initiated calls to Plaintiff's cellphone

number 318-780-8946 on the following dates and times using a pre-recorded voice

and or utilizing an ATDS platform as stated herein *See Exhibit B*:

4

05/30/2018 at 2:10:28pm EST

06/05/2018 at 1:21:58pm EST

5. All of the calls made by the Defendant to the Plaintiff were made using an automated system that utilizes an artificial pre-recorded voice; and to dial such numbers as specified by 47 U.S.C. 227 (a)(1)(A) (herein after "autodialler calls"), or "ATDS", and also that he received prerecorded computerized voice messages from Defendant.

6. Plaintiff Clinton Strange does not like to receive automated debt collection calls that do not pertain to him because they "intrude on his seclusion", "violate his privacy rights", "disrupts his normal daily activities", and in this particular case as Plaintiff alleges Defendant utilizes a special ATDS technology giving rise to a Tort of Conversion and or Trespass of Plaintiff's chattel [i.e. his wireless cellphone]. These calls deplete Plaintiff's battery on his cellphone and cause his phone to display a voice mail message in the call log, and further deplete Plaintiff's memory storage capacity on his cellphone and further takes up space in his voicemailbox. Plaintiff also must utilize a measurable amount of his Physical and Mental Energy to 'unlock' his phone, and review and delete the contents of the unwanted Debt Collection Voicemails. Plaintiff contends he has Article III standing to pursue a civil action against Defendant.

7. Plaintiff is the "called party". See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank*, F.S.B., 746 F.3d 1242 (11th Cir. 2014).

8. Plaintiff does not currently know; nor has ever known the individual that the Defendant was hired by a third-party to make the allegedly illegal debt collection calls to the Plaintiff's cellular phone number 318-780-8946.

9. The Defendant did not scrub their database to ensure that their Do-Not-Call listings were up-to-date prior to initiating the calls to Plaintiff; which contradicts the information listed on the "TCN Analytics Dashboard" screenshot that was obtained from the company that hired Defendant to initiate the allegedly illegal debt collection robocalls to Plaintiff's cellphone *See Exhibit B.*

10. The original creditor/s 'consigned' a debt to Eastpoint Recovery Group, Inc. "ERG".

11. ERG may have been considered an "affiliate" of the original creditor (i.e. a third-party).

12.  Defendant being only a hired 'agent' of ERG (a third-party) created a 'forth-party' liability situation for the Defendant herein. ERG's President, Danielle

Green, admitted to "using a service that places call for Eastpoint from time to time upon request to certain accounts in exchange for a fee". Danielle Green through her attorney provided the Plaintiff with the document in *Exhibit B.*

13.  Defendant could have scrubbed Plaintiff's wireless cellphone number against the Federal Do-Not-Call listing, but chose not too intentionally, knowingly, and willfully.

14.  In *Soppet v Enhanced Recovery Co.* 679 F.3d 637 (7th Cir. 2012), the court held that its caveat emptor when it comes to dialing the wrong numbers and even suggested that the collector seek indemnification against the original creditor (jointly liable) for its TCPA violation losses. The court specifically held, "Wrong Number" calls, where plaintiff inherited a debtor's phone number, are actionable because such calls are not made with the "prior express consent" of the recipient. *Soppet* also held that the use of airtime minutes on cells phones constitutes "out of pocket" damages.

15.  Defendant was aware that the illegal robocalls were being made for the express purpose of "attempting to collect a debt".

16.  Many collection agencies ignore their responsibilities to comply with the Telephone Consumer Protection Act. They have not implemented reasonable practices and procedures to avoid violating the TCPA. It is relatively easy and

inexpensive to scrub numbers against the DNC registry and cell phones lists. Instead, these businesses choose to operate in the grey areas and on the fringes of the law and treat consumer lawsuits as a cost of doing business. Most consumers cannot find lawyers to represent them on TCPA cases and so some will file pro per cases in small claim courts. These cases are inevitably removed to higher courts where corporate defense lawyers often get their clients 'off the hook'.

17.  Defendant's knowledge that these illegal robo-calls were being made willfully, knowingly, and intentionally without following regulatory guidelines in scrubbing their 'call-list' against the Federal Do-Not-Call listing constitutes conduct that is worthy of trebled damages.

18.  47 U.S. Code § 227(b)(c)(3) provides in relevant part for a:

**Private right of action:** A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—

**(A)** an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

**(B)** an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

**(C)**both such actions.

If the court finds that the defendant willfully or knowingly violated this subsection, or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

19. At all times pertinent hereto Defendant was acting by and through their agents, servants and / or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

20. At all times pertinent hereto, the conduct of the Defendant, as well as that of their agents, servants and/ or employees was intentional, reckless, and in grossly negligent disregard for Federal Law and State Laws and the rights of the Plaintiff herein.

)

## Count 1:

21. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

22. At all times pertinent hereto, Defendant was a "person" as that term is defined by:

## Telephone Consumer Protection Act 47 U.S.C. § 227 (b)(1)

23. At all times pertinent hereto, Plaintiff was the "called party" as that term is defined under:

## Telephone Consumer Protection Act 47 U.S.C. § 227 (b)(1)(a)

24. Pursuant to:

## Telephone Consumer Protection Act 47 U.S.C. § 227 (b)(1)(A)(iii)

, Defendant is liable to the Plaintiff for intentionally, willfully, and negligently failing to comply with the requirements of Federal Laws referenced herein.

25. Defendant is liable to the Plaintiff for the full amount of statutory damages, along with the attorney's fees and cost of litigation, as well as such further relief, as may be permitted by law.

**Magistrate Judge Consent:**

Plaintiff waives his 7th Amendment rights to jury trial and consents to a Proceeding before a Federal Magistrate Judge (if available).

**Prayer for Relief;**

WHEREFORE, Plaintiff seeks judgement in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

Statutory Damages;

Treble Damages;

Enjoinder from Further Violations of These Parts;

Costs of litigating the action and reasonable attorney's fees (if any);

, and such other and further relief as may be necessary, just and proper.

Respectfully Submitted,

X _____   9-4-2018

Clinton Strange

Pro-Se

7021 Winburn Drive

Greenwood, LA 71033

318-780-8946

parsmllc@gmail.com

11