IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CLINTON STRANGE,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>T C N, INCORPORATED; CELTIC BANK CORPORATION; CONTINENTAL FINANCE COMPANY, LLC; and EASTPOINT RECOVERY GROUP, LLC,<br><br>　　　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER DISMISSING WITH PREJUDICE ALL CLAIMS AGAINST T C N INCORPORATED**<br><br>Case No. 4:18-cv-00058-DN<br><br>District Judge David Nuffer |

Defendant T C N Incorporated ("TCN") filed a motion ("Motion")[1] to dismiss Plaintiff Clinton Strange's First Amended Complaint[2] under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted. Because the Motion presents matters outside the pleadings, which are not excluded, it is treated as a motion for summary judgment under Fed. R. Civ. P. 56.[3] Strange has failed to file a response to the Motion, and the time to do so has expired.[4]

Becuase there is no genuine dispute as to any material fact and TCN is entitled to judgment as a matter of law, the Motion is GRANTED.

---

[1] Motion to Dismiss Plaintiff's First Amended Complaint and Memorandum in Support ("Motion"), docket no. 10, filed December 11, 2018.

[2] Docket No. 9, filed November 30, 2018.

[3] *See* FED. R. CIV. P. 12(d).

[4] *See* Request to Submit for Decision, docket no. 13, filed January 22, 2019.

# UNDISPUTED MATERIAL FACTS

Based on the record and evidence presented, there is no genuine dispute as to any of the following material facts.

Patricia A. Hill, who is not a party to this case, obtained a credit card from Defendant Celtic Bank Corporation ("Celtic").[5] At that time, she entered into an agreement with Celtic and its agent, Defendant Continental Finance Company LLC ("Continental"), governing use of the card.[6] In that agreement, Hill expressly consented and authorized Celtic and Continental to contact her by telephone.[7]

Thereafter, Hill defaulted on the debt she incurred.[8] Celtic and Continental "consigned" her debt to Defendant Eastpoint Recovery Group LLC ("Eastpoint") for collection.[9] In an attempt to collect the debt, Eastpoint tried calling Hill on the telephone.[10] Four of these calls were accidentally placed to Strange's cellphone number because it was in Hill's contact information from Celtic and Continental.[11] Two of these four calls were automatic "robocalls," which Eastpoint generated on May 30 and June 5, 2018, through software that TCN created.[12]

---

[5] First Amended Complaint, *supra* note 5, ¶¶ 1-2, at 5-6.

[6] *Id.* ¶¶ 9, 31, at 7, 15.

[7] *Id.* at 7; *see* Exhibit B, at 8, docket no. 9-2, filed November 30, 2018.

[8] First Amended Complaint, *supra* note 5, ¶ 3, at 6.

[9] *Id.* ¶ 5.

[10] *Id.* ¶ 6.

[11] *Id.* ¶ 7; Affidavit in Support of Motion for Dismissal of Petition or Continuance of Trial ¶¶ 5-6, at 2 ("Green Affidavit"), docket no. 10-2, filed December 11, 2018.

[12] First Amended Complaint, *supra* note 5, ¶¶ 7, 18, 24, at 6, 11, 13; *see* Exhibit F, docket no. 9-6, filed November 30, 2018.

Eastpoint's use of TCN's software was entirely self-directed.[13] TCN played no role in how or when Eastpoint used the software or regarding whom Eastpoint contacted with it.[14]

Both of the robocalls that Strange received from Eastpoint lasted 51 seconds and stated:

> Hi. Hi, this is an important message for Patricia A. [Hill]. If this is not Patricia A. [Hill], then please hang up now. By remaining on this call you have acknowledged that you are in fact Patricia A. [Hill]. We are calling from East Point Recovery Group. This call is an attempt to collect a debt, and any information obtained will be used for that purpose. Patricia A. [Hill], please call me back at 1-8-0-0-4-5-9-2-4-1-7, with your reference number 4-6-4-2-0-2.[15]

Strange does not know Hill.[16] He has never authorized Celtic, Continental, Eastpoint, or TCN to contact him.[17] He does not owe any debt to Celtic, Continental, Eastpoint, or TCN.[18] And he "does not like to receive automated debt collection calls that do not pertain to him."[19] "These calls deplete [the] battery on his cellphone"; "cause his phone to display a voice mail message in the call log"; "deplete [the] memory storage capacity on his cellphone"; "take up space in his voicemailbox"; and require him to "utilize a measurable amount of his Physical and Mental Energy to 'unlock' his phone, and review and delete the contents of the unwanted Debt Collection Voicemails."[20]

---

[13] Declaration of Jesse Bird ¶¶ 4-6, docket no. 10-4, filed December 11, 2018.

[14] *Id.*

[15] First Amended Complaint, *supra* note 5, ¶ 18, at 11; Exhibit E, at 3, docket no. 9-5, filed November 30, 2018.

[16] First Amended Complaint, *supra* note 5, ¶¶ 1, 28, at 5, 14.

[17] *Id.* ¶ 22, at 13.

[18] *Id.* ¶ 23.

[19] *Id.* ¶ 26.

[20] *Id.*

On June 6, 2018, Strange, for the first time, asked Eastpoint to stop calling him.[21] Upon receiving this request, Eastpoint immediately removed Strange's number from its system and never called him again.[22] All of the calls to Strange had been entirely accidental and unintentional.[23] At the time they were made, Strange's number did not appear in the national do-not-call registry.[24]

## DISCUSSION

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[25] A dispute is "genuine" if "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way."[26] A fact is "material" if "it is essential to the proper disposition of [a] claim."[27] In ruling on a motion for summary judgment, the evidence and all reasonable inferences are viewed in the light most favorable to the nonmoving party.[28]

In this action, Strange asserts claims against TCN for violation of the Fair Debt Collection Practices Act ("FDCPA")[29] and Telephone Consumer Protection Act ("TCPA").[30] Both claims fail as a matter of law.

---

[21] Exhibit D, docket no. 9-4, filed November 30, 2018.

[22] Green Affidavit, *supra* note 11, ¶ 9, at 2.

[23] *Id.* ¶¶ 5-6.

[24] *Id.* ¶ 7.

[25] FED. R. CIV. P. 56(a).

[26] *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).

[27] *Id.*

[28] *Id.*

[29] First Amended Complaint, *supra* note 5, at 10, 18.

[30] *Id.* at 9, 17-18; *see* 47 U.S.C. § 227.

## Strange's FDCPA claim fails as a matter of law.

The FDCPA's purpose is "to eliminate abusive debt collection practices by debt collectors."[31] Among other things, it prohibits "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."[32] A debt collector who fails to comply with the FDCPA may be liable "to any person" for "actual damage sustained by such person as a result of such failure," plus "additional damages . . . not exceeding $1,000" "in the case of any action by an individual."[33] "In determining the amount of liability in . . . any individual action," courts must consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional."[34] "A debt collector may not be held liable in any action brought under [the FDCPA] if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error."[35] Liability under the FDCPA is a legal issue.[36]

It is undisputed that all of the calls Strange received from Eastpoint were entirely accidental and unintentional.[37] When Eastpoint became aware of its error, it stopped calling

---

[31] 15 U.S.C. § 1692(e).

[32] *Id.* § 1692(d)(5).

[33] *Id.* § 1692k(a).

[34] *Id.* § 1692k(b)(1).

[35] *Id.* § 1692k(c).

[36] *See Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1027 (9th Cir. 2012); *Kalebaugh v. Berman & Rabin, P.A.*, 43 F. Supp. 3d 1215, 1223 (D. Kan. 2014).

[37] *See supra* notes 23-24 and accompanying text.

Strange.[38] Because the calls that were placed to Strange's cellphone number were not made with intent to annoy, abuse, or harass anyone at that number, his FDCPA claim fails as a matter of law.

### Strange's TCPA claim fails as a matter of law.

The TCPA prohibits "mak[ing] any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service."[39] It is undisputed, however, that TCN did not *make* any call to Strange. Eastpoint did. Although Eastpoint placed two calls to Strange using TCN's software, Eastpoint's use of TCN's software was entirely self-directed and independent of TCN's invovlement.[40] Accordingly, Strange's TCPA claim against Strange fails as a matter of law.

### ORDER

THEREFORE, IT IS HEREBY ORDERED that the Motion[41] is GRANTED, except to the extent it requests an award of attorney's fees and costs under 15 U.S.C. § 1692k(a)(3), which request is DENIED without prejudice.

IT IS FURTHER HEREBY ORDERED that all of Strange's claims against TCN are DISMISSED with prejudice.

Signed March 27, 2019.

BY THE COURT:

/s/ David Nuffer

David Nuffer
United States District Judge

---

[38] *See supra* notes 21-22 and accompanying text.

[39] 47 U.S.C. § 227(b)(1)(A)(iii).

[40] *See supra* notes 12-14 and accompanying text.

[41] Docket no. 10, filed December 11, 2018.