IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CLINTON STRANGE,<br><br>Plaintiff,<br><br>v.<br><br>T C N, INCORPORATED; CELTIC BANK CORPORATION; CONTINENTAL FINANCE COMPANY, LLC; and EASTPOINT RECOVERY GROUP, LLC,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS**<br><br>Case No. 4:18-cv-00058-DN<br><br>District Judge David Nuffer |

Defendant Eastpoint Recovery Group LLC ("Eastpoint") filed a motion ("Motion")[1] to dismiss Plaintiff Clinton Strange's First Amended Complaint[2] under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.

## FACTUAL FINDINGS

Based on the evidence presented, the following findings are entered.

Eastpoint is a New York corporation with its principal place of business in New York. It is engaged in the business of debt collection. It is not licensed to conduct business in Utah. It does not conduct business in Utah. It does not have an office or employees in Utah. It does not own, lease, or control any property in Utah. And it did not place any calls to Strange in Utah.[3]

---

[1] Defendant Eastpoint Recovery Group Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction ("Motion"), docket no. 32, filed May 21, 2019; *see* Plaintiff's Response in Opposition to Defendant Eastpoint Recovery Group Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction, docket no. 33, filed May 31, 2019.

[2] Docket No. 9, filed November 30, 2018.

[3] Declaration of Danielle Green in Support of Defendant Eastpoint Recovery Group Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction, docket no. 32-1, filed May 21, 2019.

Strange resides in Louisiana.[4] All of the telephone calls at issue in this case were made to numbers with area codes 318 or 469.[5] Neither of these area codes is in Utah.

## CONCLUSIONS OF LAW

Based on these findings, the following conclusions of law are entered.

**General personal jurisdiction.**

"[A] court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliates with the State are so 'continuous and systemic' as to render them essentially at home in the forum state."[6] A corporation's domicile for purposes of this analysis is the place where it is incorporated or its principal place of business.[7] New York is both Eastpoint's state of incorporation and principal place of business.

While, in exceptional cases, a corporate defendant's operations in another forum may be so substantial as to render the corporation "at home" there,[8] this is not one of those cases. Eastpoint does not have sufficient contacts with Utah to render it "at home" here. Accordingly, Strange has failed to demonstrate that Utah has personal jurisdiction over Eastpoint.

**Specific personal jurisdiction.**

To exercise specific personal jurisdiction over Eastpoint in Utah, there must be sufficient acts related to Strange's claims by which Eastpoint purposely availed itself of the privilege of

---

[4] First Amended Complaint, at 4, docket no. 9, filed November 30, 2019.

[5] *See id.* ¶ 17.

[6] *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014).

[7] *Id.* at 137.

[8] *Id.* at 137-38.

conducting activities in Utah.[9] This analysis "focuses on the relationship among the defendant, the forum and the litigation."[10] Relationships with a plaintiff or third parties, standing alone, are an insufficient basis for specific jurisdiction.[11] "[T]here must be an affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation. When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State."[12]

There is insufficient evidence to establish that Eastpoint purposely availed itself of the privilege of conducting activities in Utah related to the claims in this case. As a result, Strange's claims against Eastpoint must be dismissed for lack of personal jurisdiction.

## ORDER

THEREFORE, IT IS HEREBY ORDERED that the Motion[13] is GRANTED. All of Strange's claims against Eastpoint are DISMISSED without prejudice for lack of jurisdiction.

Signed June 6, 2019.

BY THE COURT:

David Nuffer
United States District Judge

---

[9] *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 924 (2011).

[10] *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014).

[11] *Id.* at 1123.

[12] *Bristol-Myers Squibb Co. v. Superior Ct. of Calif.*, 137 S. Ct. 1773, 1781 (2017).

[13] Docket no. 32, filed May 21, 2018.